IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DERRICK WADDELL ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:14-cv-00011 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PROBATION OFFICER JULIA K. OWEN, PROBATION OFFICER EDWIN F. LONG, III, ASSIST ATTORNEY ERIC WASHBURN, PUBLIC DEFENDER JASON SCOTT EISNER, COURT TRANSCRIBER JENNIFER L. ALLMOND and JUDGE STACEY MOREAU, | ) ) ) ) ) ) ) ) ) | By: Hon. Jackson L. Kiser Senior United States District Judge |
| Defendants. | ) | |

On May 28, 2014, Plaintiff Derrick Waddell Allen ("Plaintiff") served a subpoena *duces tecum* on Movant Gerald Gibson ("Movant") requesting a "copy of court recording of trial that occurred on October 31, 2014, 2 o'clock session of Judge Stacy W. Moreau concerning Derrick Waddell Allen." [ECF No. 14]. The subpoena sets a return date of June 2, 2014, which allows Movant, the Clerk of the Danville Circuit Court, five days to comply. As a result, Movant has moved to quash the subpoena. (See Ltr. Mtn. to Quash Subpoena, May 30, 2014 [ECF No. 13].)

Although Movant is correct that the time period Plaintiff set for response is too short, the subpoena is improper for a reason that cannot be cured by altering the limits set forth in the subpoena. According to Rule 26(d)(1) of the Federal Rules of Civil Procedure, "A party may not seek discovery from *any source* before the parties have conferred as required by Rule 26(f) . . . ." Fed. R. Civ. P. 26(d)(1) (emphasis added). In order to conduct discovery prior to the Rule 26(f) conference, Plaintiff must petition the court to do so, and he must show the same reasonableness and good cause that is necessary for expedited discovery. See, e.g., N. Atlantic Operating Co. v.

Evergreen Distributors, LLC, 293 F.R.D. 363, 372–73 (E.D.N.Y. 2013). Because Plaintiff has not sought the necessary leave of this Court to conduct early discovery, the subpoena is improper. Therefore, Movant's Motion to Quash the subpoena is **GRANTED**.

The Clerk is directed to forward a copy of this Order to all counsel of record, to Plaintiff, to Movant, and to any unrepresented party. The Clerk is also instructed to terminate Movant Gerald Gibson from the case.

Entered this 2nd day of June, 2014.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE