IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| DERRICK WADDELL ALLEN, ) | |
| ) | |
| Plaintiff, ) | Case No. 4:14-cv-00011 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| JULIA K. OWEN, EDWIN F. LONG, III, ) | By: Hon. Jackson L. Kiser |
| ERIC WASHBURN, JASON SCOTT ) | Senior United States District Judge |
| EISNER, JENNIFER L. ALLMOND, and ) | |
| JUDGE STACEY MOREAU, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendants' respective motions to dismiss for failure to state a claim. The matter has been briefed by the parties, and I heard oral arguments on the motions on July 21, 2014. For the reasons stated in open court and set forth more fully herein, Defendants Judge Stacey Moreau and Eric Washburn are protected by absolute immunity, and relevant Supreme Court precedent bars Plaintiff's claims against all other defendants. See Heck v. Humphrey, 512 U.S. 477, 486–87 (1994). Plaintiff's Complaint must be dismissed.[1]

## I. STATEMENT OF FACTS AND PROCEDURAL BACKGROUND[2]

Plaintiff Derrick Waddell Allen ("Plaintiff") had previously been convicted in Virginia state court and, in August of 2012, was on probation. On August 4, 2012, Defendant Probation

---

[1] Because Judge Stacey Moreau and Eric Washburn are protected by absolute immunity, the claims against them will be dismissed with prejudice. The claims against the remaining parties are currently barred by the rule set forth in Heck v. Humphrey, but that is a bar that may, at some point, be lifted. Furthermore, because the state law claims (insofar as any are made) are being dismissed for lack of jurisdiction, I made no finding regarding the sufficiency of Plaintiff's claims. Therefore, the claims against Julia K. Owen, Edwin K. Long, Jason Scott Eisner, and Jennifer Allmond will be dismissed without prejudice.

[2] The facts are taken from Plaintiff's *pro se* Complaint. As this stage, it is appropriate to accept Plaintiff's factual allegations as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

- 1 -

Officer Julia K. Owen ("Owen") "prepared and filed a Major Violation Order alleging two confirmations of a probation violation." (Compl. pg. 6 [ECF No. 3].) Owen alleged that Plaintiff had twice tested positive for cocaine during random urine screens for drugs. Plaintiff was tried for his Probation Violation in the Circuit Court of the City of Danville on October 31, 2012, with Defendant Judge Stacey Moreau ("Judge Moreau") presiding. (See id. at 14.)

According to Plaintiff, Defendant Assistant Commonwealth's Attorney Eric Washburn ("Washburn")[3] prosecuted the alleged violation in state court. Plaintiff was represented by Defendant Jason Scott Eisner ("Eisner") of the Danville Public Defender's Office. At the hearing, Owen "was asked to take the witness stand, in which, Public Defender Jason Scott Eisner asked Probation Officer Julia K. Owen; 'Did you submit any evidence?' Probation Officer Julia K. Owen replied 'No.'" (Id. at 6.) Plaintiff asserts that, according to Owen's sworn testimony, there was "no evidence" to "substantiate its claim prepared by Probation Officer Julia K. Owen . . . ." (Id.)

Plaintiff also asserts that, during the hearing, he "asked the Judge twice for evidence, the prosecutor said twice 'we don't need any evidence.['] The public defender ask[ed] for evidence, in [*sic*] which the prosecutor again say [*sic*] 'we don't need any evidence.[']" (Id. at 4 ¶ 6.) According to Plaintiff, he later received transcripts that had these "key statements omitted." (Id.) Defendant Jennifer Allmond ("Allmond") was the court reporter tasked with transcribing the proceedings, and Plaintiff accuses her of "purg[ing] . . . important key messages" from the transcript of his October 31 hearing. (Id. at 27–28.) Plaintiff claims that Allmond improperly omitted Washburn stating—five separate times—that he did not need evidence to convict Plaintiff of the probation violation. (See id.)

---

[3] Washburn is no longer with the Danville Commonwealth's Attorney's office. He is in private practice in Virginia Beach, Virginia.

Although the nature of Defendant Probation Officer Edwin Long's ("Long") involvement is unclear, Plaintiff asserts that Long "had violated him without cause" prior to his encounter with Owen in February 2012. (See id. at 10.) He later states that, in August of 2012, Long directed that Plaintiff be arrested following a urine test. (Id.) Plaintiff states:

> On August 14, 2012; while at the probation office at Deer Run Road in Danville, Virginia where I reported for urine testing by color-code blue; after speaking with assigned Probation Officer Julia K. Owen who never said any thing to me about any violation of probation; Probation Officer Edwin F. Long III approached me and told me that a police officer (who was just entering the building) wanted to talk to me. When I approached the police officer I was detained (held against my will); arrested (abducted); and transported to Danville City Jail (kidnapped); placed in a holding cell (false arrest); and wrongfully and unlawfully imprisoned.

(Id. at 13.) Plaintiff does not indicate whether his urine screen was positive that day, but he does assert that the two positive urine screens which formed the basis of the violation in question could not have happened because "these so-called confirmations are three (3) months apart: note that Virginia probation has a zero tolerance policy, therefore those two confirmations are against policy those confirmations never occurred." (Id.) Plaintiff contends that this "whole matter [is] a premeditated conspiracy between probation officer Julia K. Owen and Edwin F. Long III." (Id. at 12.)

After his conviction, Plaintiff asserts that he received a copy of the lab report of his urine sample from his public defender, Defendant Eisner. According to Plaintiff, that report mentions the "unacceptability of the urine sample and the undetermined measures of why," and Plaintiff claims the lab report indicated that the sample was unacceptable because of a "specimen leak." (Id. at 13, 17.) Plaintiff did not include a copy of the lab report with his Complaint.

Plaintiff appealed his state court conviction to the Court of Appeals of Virginia.[4] On September 25, 2013, the Court of Appeals denied Plaintiff's appeal. (See id. at pg. 3 Ex. C [ECF No. 19].)

On May 15, 2014, Defendants Owen, Long, Eisner, and Judge Moreau filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Joint Mot. to Dismiss, May 15, 2014 [ECF No. 7].) Defendant Allmond filed a similar motion three days later. (Allmond Mot. to Dismiss, May 18, 2014 [ECF No. 8].) Defendant Washburn filed his Motion to Dismiss on June 4, 2014. (Washburn Mot. to Dismiss, June 4, 2014 [ECF No. 18].) Plaintiff was issued notices in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he responded in a timely manner. (See Pl.'s Resp. in Opp. to Defs.' Mot. to Dismiss, May 22, 2014 [ECF No. 9]; Pl.'s Resp. in Opp. to Def.'s Mot. to Dismiss, June 6, 2014 [ECF No. 23].) The parties argued the motions and their respective positions on July 21, 2014. The matter is now ripe for disposition.

## II.  STANDARD OF REVIEW

As an initial matter, *pro se* complaints are held to "'less stringent standards than the formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads

---

[4] When considering a motion to dismiss under Rule 12(b)(6), I am typically confined to the four corners of the plaintiff's complaint unless I convert the motion to dismiss into a motion for summary judgment. I am permitted, however, to take judicial notice of matters in the public record without converting a Rule 12 motion into a Rule 56 motion. Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986); Phillips v. Pitt County Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). This includes the records of another court. See Witthohn v. Fed. Ins. Co., 164 F. App'x 395, 397 (4th Cir. 2006) (unpublished).

factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. In determining facial plausibility, I must accept all factual allegations in the complaint as true. Id. The Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (internal quotation marks omitted). Therefore, the Complaint must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

### III. DISCUSSION

Giving Plaintiff's Complaint a generous reading, it appears that the basis of his claims against all parties is 42 U.S.C. § 1983, which permits an aggrieved party to file a civil action against those who are alleged to have violated his constitutional rights while acting under color of state law. See Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013) ("Section 1983 of Title 42 creates a cause of action against any person who, acting under color of state law, abridges a right arising under the Constitution of the laws of the United States.") In his Complaint, he lists the following as the bases for jurisdiction in this court:

> Violation(s) of United States Constitution; Amendment rights; civil rights; Virginia State Ethics and Public Corruption law Title 30, Chapter 13 and Public Officials Title 2.2, Chapter 31 "Representing Clients Unlawfully" and "False Entries or Destruction of Records by Officers"

(Compl. pg. 2 ¶ 4.)  Given that Plaintiff directly asserts "[v]iolation(s) of United States Constitution; Amendment right; civil right," § 1983 is the appropriate vehicle for him to challenge the parties' actions.

   A. <u>Judge Stacey Moreau</u>

The § 1983 claim against Judge Moreau must be dismissed.  "'[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly.'"  <u>Stump v. Sparkman</u>, 435 U.S. 349, 355–56 (1978) (quoting <u>Bradley v. Fisher</u>, 13 Wall. (80 U.S.) 335, 351 (1872)).  Thus, Judge Moreau is absolutely immune from civil liability for judicial acts unless she has acted "in the 'clear absence of all jurisdiction.'"  <u>Id.</u> at 356–57 (quoting <u>Bradley</u>, 13 Wall. (80 U.S.) at 351).

In the present case, there is no allegation—and nothing to suggest—that Judge Moreau acted in contravention of her jurisdiction when she revoked Plaintiff's probation.  In the absence of any such allegation, she is immune from suit arising from that decision, and Plaintiff's claims against her must be dismissed.  <u>Accord</u> <u>Imbler v. Pachtman</u>, 424 U.S. 409, 418 (1976) (noting that absolute judicial immunity extends to suits under § 1983).

   B. <u>Assistant Prosecutor Eric Washburn</u>

Like judges, prosecutors are absolutely immune from civil suits challenging actions taken within the scope of their prosecutorial duties.  <u>See</u> <u>Imbler</u>, 424 U.S. at 420.  This absolute immunity extends to cases brought under § 1983.  <u>See</u> <u>id.</u> at 427.  All of Plaintiff's allegations against Washburn stem from Washburn's decision to prosecute Plaintiff and his presentation of the state's case, both of which fall squarely within "the scope of [Washburn's] prosecutorial duties."  <u>See</u> <u>id.</u> at 431 (holding "that in initiating a prosecution and in presenting the State's

case, the prosecutor is immune from a civil suit for damages under § 1983."). Therefore, Plaintiff's claims against Washburn must be dismissed.

C. <u>All Other Defendants</u>

Plaintiff's claims against the remaining defendants would likely fail under the <u>Iqbal</u> and <u>Twombly</u> standards—especially the claims against Long and Allmond—or for any of the reasons set forth in the defendants' briefs in support of their motions to dismiss, but they also fail for a much simpler and more direct reason. In <u>Heck v. Humphrey</u>, the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. 477, 486–87 (1994). Plaintiff has not asserted in any of his pleadings that his case has been overturned on direct appeal,[5] nor has he alleged that his conviction has been set aside by the Governor of Virginia, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. In the absence of such a showing, his case must be

---

[5] The Court of Appeals of Virginia dismissed Plaintiff's appeal and determined that the appeal was "wholly frivolous." <u>Allen v. Commonwealth</u>, No. 2288-12-3, slip op. at 1 (Va. Ct. App. Sep. 25, 2013).

- 7 -

dismissed unless permitting the case to proceed would *not* demonstrate the invalidity of Plaintiff's state court conviction.

The gravamen of Plaintiff's claims is that the entire state court system, including the probation officers, prosecutors, public defenders, court reporter, and presiding judge, were all in a conspiracy to fabricate grounds to revoke his probation and send him to prison. According to Plaintiff, there was no evidence to support the claims made against him. Since he was, in fact, convicted, permitting his case to go forward would require the conclusion that the state court's judgment was in error. Such an outcome is expressly foreclosed by Heck v. Humphrey. Plaintiff's entire claim must be dismissed unless and until his conviction is overturned, set aside, or called into question by a federal court's issuance of a writ of habeas corpus.

Insofar as state claims are made against the defendants (see, e.g., Compl. pg. 2 ¶ 4), I decline to exercise supplemental jurisdiction over those claims. Because the § 1983 claim is untenable, there is no independent federal jurisdiction over the state law claims, and they will be dismissed for lack of jurisdiction.

### IV. CONCLUSION

Both Judge Moreau and Assistant Commonwealth's Attorney Eric Washburn are immune from civil suit arising from actions taken in the scope of their judicial and prosecutorial roles. The remainder of Plaintiff's claims are barred by Heck v. Humphrey because Plaintiff's underlying state court conviction has not been invalidated or called into question by a court of competent jurisdiction. Regardless of other bars or hindrances to suit, Heck compels the dismissal of Plaintiff's § 1983 suit. Because Plaintiff's § 1983 claim was the sole basis for this court's jurisdiction, any remaining state law claims are dismissed for lack of jurisdiction.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to Plaintiff and all counsel of record. The Clerk is further directed to remove this case from the active docket of the Court.

Entered this 31st day of July, 2014.

                                                s/Jackson L. Kiser
                                                SENIOR UNITED STATES DISTRICT JUDGE